David OBAL, Plaintiff–Appellant,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Morgan Stanley Mortgage Loan Trust 2004–9, Mortgage Pass–Through Certificates, Series 2004–9, et al., Defendants–Appellees,

United States Internal Revenue
Service, Defendant.

15-775

United States Court of Appeals,
Second Circuit.

November 3, 2016

FOR APPELLANT: David Obal, pro se,
Henderson, NV.

FOR APPELLEES: Lisa J. Fried and
Heather R. Gushue, Hogan Lovells US
LLP, New York, NY; and Chava Bran-
driss, Hogan Lovells US LLP, Washing-
ton, DC.

PRESENT: ROBERT A. KATZMANN,
Chief Judge, RALPH K. WINTER,
RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Appellant David Obal, proceeding pro
se, appeals from the district court's dis-
missal of his complaint against two finan-
cial institutions. His complaint sought,
among other remedies, damages and a de-
claratory judgment invalidating an assign-
ment that transferred ownership of his
residential mortgage loan to defendant
Deutsche Bank National Trust Company
("Deutsche Bank") as trustee for a Morgan
Stanley Mortgage Loan Trust (the
"Trust"). The district court granted defen-
dants' motion to dismiss Obal's amended
complaint for lack of subject matter juris-
diction, reasoning primarily that Obal
lacked standing to challenge the assign-
ment. We assume the parties' familiarity
with the underlying facts, the procedural
history of the case, and the issues on ap-
peal.

We review de novo a district court's
determination that a plaintiff lacked stand-
ing to sue. *See Rajamin v. Deutsche Bank
Nat'l Tr. Co.*, 757 F.3d 79, 84–85 (2d Cir.
2014). "The question of standing is wheth-
er the litigant is entitled to have the court
decide the merits of the dispute or of
particular issues," and it implicates "both
constitutional limitations on federal-court
jurisdiction and prudential limitations on
its exercise." *Id.* at 84 (internal quotation
marks and brackets omitted). Here, Obal
lacked both constitutional and prudential
standing to challenge either the validity of
the assignment of his mortgage loan or the
assignment's compliance with laws, regula-
tions, and the Trust's prospectus and pool-
ing and servicing agreement.

To have standing under Article III of
the Constitution, "a plaintiff must have
suffered an injury in fact ... which is (a)
concrete and particularized, ... and (b)
actual or imminent, not conjectural or
hypothetical." *Id.* at 85 (alteration in origi-
nal) (internal quotation marks omitted).
Upon review, we agree with the district
court that Obal alleged only injuries that
are "highly implausible" and "entirely
hypothetical," *id.* and therefore fail to
meet the constitutional standing require-
ments. For example, Obal's claim that the
improper transfer of his debt deprived him
"of the opportunity to explore options with
the true debt owner," relies on too specula-
tive an injury to serve as a basis for Arti-
cle III standing. Consequently, we find
that Obal lacked constitutional standing to
bring a challenge to Deutsche Bank's own-
ership of his debt based on the alleged
invalidity of the assignment.

Moreover, even if Obal had constitution-
al standing to challenge the validity of the
assignment, he would have lacked pruden-

**12**

tial standing. "The prudential standing rule ... normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." *id.* at 86 (alteration in original) (internal quotation marks omitted). To satisfy the prudential standing requirement, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* (internal quotation marks and brackets omitted). Obal lacks prudential standing to assert his claims against defendants because his theories are largely premised on injuries to third parties, such as intended beneficiaries of the Trust.

Obal also challenges the district court's denial of leave to further amend his complaint. We review such a denial for abuse of discretion. *See In re Lehman Bros. Mortgage–Backed Sec. Litig.*, 650 F.3d 167, 188 (2d Cir. 2011). Here, in light of the issues discussed above, the district court did not abuse its discretion in finding that repleading would have been futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered Obal's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.